UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**UNITED STATES OF AMERICA,**

     v.                                                CR NO. 07-671M (JMF)

**RASHAAD R. PEOPLES,**
**RUSSEL L. HOLLOWAY, and**
**JULIAN W. HURLEY,**

     **Defendants.**

---

### DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that defendant Rashaad R. Peoples be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall – include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1. On December 20, 2007, defendant Rashaad R. Peoples paid $72,000 to an undercover agent with the Federal Bureau of Investigation in exchange for five kilograms of cocaine. The transaction and the subsequent arrest took place at the Channel Inn Hotel on 650 Water Street, SW, Washington, D.C. The transaction was captured by surveillance equipment, as were several preparatory meetings and conversations between Peoples and the undercover agent.

2. Following his arrest, Peoples admitted that he had made several trips to Miami to arrange the transaction. He claimed to have received the $72,000 from an

1

individual known as "E." He expected to receive $30,000 to $40,000 from "E" for his role in the transaction.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is a preponderance of evidence that defendant's release on any condition or combination of conditions will not reasonably assure his appearance as required and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). Moreover, defendants who are determined to present a serious risk of flight may be detained pursuant to 18 U.S.C. section 3142(f)(2)(A). If there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required, detention is appropriate. 18 U.S.C. § 3142(e).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including
    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

    e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is a preponderance of evidence[1] that release on any condition or combination of conditions will not reasonably assure their appearance as required and their detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** The offense charged involves a transaction involving large quantities of cocaine.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** The

---

[1] See United States v. Xulam, 84 F.3d 441, 442 ( D.C. Cir. 1996).

defendant is unemployed. He grew up in Washington, D.C., but currently resides in Arizona. His father and son live in Washington, D.C.

**The weight of the evidence.** The weight of the evidence is extraordinarily strong. Defendant was observed engaging in a transaction for large amounts of cocaine.

**History relating to drug or alcohol abuse.** Defendant has a prior conviction for the possession of ecstasy.

**Record concerning appearance at court proceedings and prior criminal record.** No evidence was presented concerning defendant's appearance at court proceedings or his prior criminal record, aside from his prior conviction for the possession of ecstasy.

**Whether on probation or parole at the time of the present offense.** No evidence was presented concerning whether defendant was on probation or parole at the time of the present offense.

In sum, the risk of flight by the defendant is high in light of the severity of the alleged crime, the weight of the evidence, and the defendant's lack of residence in this community. Moreover, the defendant – by traveling between Arizona, Florida and the District of Columbia to facilitate the transaction at issue here – has demonstrated a willingness to travel great lengths in furtherance of a crime. The legislative history of the Bail Reform Act speaks precisely of defendants such as these and why there is a rebuttable presumption that they be detained:

> [T]he Committee received testimony that flight to avoid prosecution is particularly high among persons charged with major drug offenses. Because of the extremely lucrative nature of drug trafficking, and the fact that the drug traffickers often have established ties outside the United States from whence most dangerous drugs are imported into the country, these persons have both the resources and foreign contacts to escape to

4

>   other countries with relative ease in order to avoid prosecution for
>   offenses punishable by lengthy prison sentences. Even the prospect of
>   forfeiture of bond in the hundreds of thousands of dollars has proven to be
>   ineffective in assuring the appearance of major drug traffickers. In view of
>   those factors, the Committee has provided in section 3142(e) that in a case
>   in which there is probable cause to believe that the person has committed a
>   grave drug offense, a rebuttable presumption arises that no condition or
>   combination of conditions will reasonably assure the appearance of the
>   person and the safety of the community.

S. Rep. No. 98-225, at 20 (1983).

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendants should be detained pending trial: (1) the defendant was observed engaging in a transaction for a large amount of cocaine; (2) the defendant does not reside in this community; and (3) the defendant has demonstrated a willingness to travel great lengths in furtherance of a crime.

I also find that the defendant constitutes an obvious danger to this community. If those who sell drugs on the District's streets endanger this community, as they certainly do, than those who supply them by importing those drugs into the District surely do as well.

I therefore find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure his appearance as required or assure the safety of this community. I will, therefore, order the defendant detained without bond pending trial.


**Dated: December 31, 2007**                                   /s/
                                                               **JOHN M. FACCIOLA**
                                                               **UNITED STATES MAGISTRATE JUDGE**