```
                                                            FILED
       UNITED STATES DISTRICT COURT                      MAR 1 3 2008
       FOR THE DISTRICT OF COLUMBIA
                                                     NANCY MAYER WHITTINGTON, CLERK
                                                          U.S. DISTRICT COURT
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 08-031 (RBW) |
| | : | |
| v. | : | VIOLATION: |
| | : | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) |
| RASHAAD PEOPLES | : | (Unlawful Possession with Intent to |
| | : | Distribute Five Hundred Grams or More of Cocaine) |
| Defendant. | : | |
| | : | |

## PROFFER OF EVIDENCE

If this case were to go to trial, the government's evidence would establish beyond a reasonable doubt:

1. On or about December 20, 2007, within the District of Columbia, the defendant, RASHAAD PEOPLES, knowingly and intentionally possessed with intent to distribute a mixture and substance containing more than five hundred (500) grams of cocaine.

2. In or about September, 2007, the defendant spoke to an individual known to him as "D" about purchasing a large amount of cocaine. The defendant later called an individual known as "Juan" who agreed that if the defendant were to buy ten kilograms of cocaine, the price would be $16, 000 per kilogram. In December of 2007, the defendant traveled to Miami, Florida where he gave unknown males money to transport the cocaine from Florida to the Washington, D.C. area.

3. Early on December 20, 2007, the defendant met with an unknown individual that provided him money to purchase the cocaine. The defendant then contacted a person, who unbeknownst to the defendant, was an undercover agent of the FBI to purchase the cocaine. The defendant agreed to meet with her at the McDonald's Restaurant at South Capitol and I Streets,

S.E., Washington, D.C.

4. The defendant and the FBI agent traveled to the Channel Inn Hotel, 650 Water Street, S.W., Washington, D.C. There, in one of the hotel rooms, the defendant provided the agent with $72,000 in exchange for approximately 4.8 kilograms cocaine. The defendant was arrested as he left the hotel room.

### Limited Nature of Proffer

5. This proffer of evidence is not intended to constitute a complete statement of all facts known by the defendant but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The defendant has provided additional information about his possession with intent to distribute narcotics to the United States, which is not contained herein. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for defendant's plea of guilty to the charged possession with intent to distribute a mixture and substance containing more than five hundred (500) grams of cocaine.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

_____
NIHAR R. MOHANTY
Assistant United States Attorney
D.C. Bar No. 436686
555 4th Street, N.W., Room 4120
Washington, DC 20530
(202) 514-7395

## DEFENDANT'S ACCEPTANCE

I have read the Proffer of Evidence setting forth the facts as to my possession with intent to distribute five hundred (500) grams or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii). I have discussed this proffer fully with my attorney, Shawn Moore, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 3/13/08

_Rashaad Peoples_
RASHAAD PEOPLES
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer of evidence as to my client's possession with intent to distribute 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii). I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: March 13, 2008

_Shawn Moore_
Shawn Moore, Esquire
Counsel for RASHAAD PEOPLES

3