UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAR 1 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA, :
:
v. : Criminal No. 08-0031 (RBW)
:
RASHAAD PEOPLES, :
        Defendant. :
_____ :

## CONSENT ORDER OF FORFEITURE

*WHEREAS*, a written plea agreement was filed with this Court and signed by defendant Rashaad Peoples and his counsel, Mr. Shawn Moore, Esq., Assistant Federal Public Defender, in which defendant Peoples agreed to plead guilty to a felony offense, that is, unlawful possession with intent to distribute cocaine, which is a violation of Title 21, United States Code, Sections 841(a)(1);

*WHEREAS*, the Information also alleged the forfeiture of certain property, which property is subject to forfeiture, pursuant to 21 U.S.C. § 853(a), as property constituting, or derived from proceeds obtained directly or indirectly, as a result of the said violation, or property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation;

*WHEREAS*, the defendant in open Court expressly agreed and consented to the entry of an Order of Forfeiture, under Fed. R. Crim. P. 32.2(b)(2), which concerns property subject to forfeiture, pursuant to 21 U.S.C. § 853(a), as property constituting, or derived from proceeds obtained directly or indirectly, as a result of the said violation, or property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation; and

WHEREAS, this Court has determined, based on the evidence set forth during the defendant's guilty plea, that the "Subject Property" is subject to forfeiture pursuant to 21 U.S.C. § 853(a), and that the Government has established the requisite nexus between such property and

violation of 21 U.S.C. § 841(a)(1);

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the following property is declared forfeited to the United States, pursuant to 21 U.S.C. § 853(a):

> **$72,000 in U.S. Currency,** which was seized after defendant Peoples had exchanged it in the District of Columbia for a quantity of cocaine on December 20, 2007.

2. The United States may publish notice of the Order and its intent to dispose of the Subject Property in such a manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of this Consent Order of Forfeiture, pursuant to 21 U.S.C. 853.

3. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

4. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

5. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853 for the filing of third party petitions.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Nihar Mohanty, United States Attorney's Office, 555 Fourth Street, NW, Washington, D.C. 20530.

Dated this 13th day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

JEFFREY A. TAYLOR. (DC Bar. No. 498610)
United States Attorney

By: _____
Barry Wiegand (DC Bar No. 424288)
Assistant United States Attorney

_____         _____
RASHAAD PEOPLES                          SHAWN MOORE, ESQUIRE
Defendant                                Counsel for Defendant Peoples