UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 08-031 (RBW) |
| : | |
| v. : | |
| : | |
| RASHAAD PEOPLES, : | |
| : | |
| Defendant. : | |
| _____ : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this Memorandum in Aid of Sentencing. Pursuant to a plea agreement, the defendant agreed that he was responsible for more than three and a half kilograms but less than five kilograms of cocaine. As explained below, the government believes a sentence of 96 months is appropriate in this case.

**I.     PROCEDURAL AND FACTUAL BACKGROUND**

The defendant was arrested on December 20, 2007, after he gave an undercover officer $72,000 for just under five kilograms of cocaine. The facts leading up to his arrest are accurately set forth in the pre-sentence report. The defendant pled guilty to the information in this case on March 13, 2008.

**II.    ARGUMENT**

   A.     Legal Standard

United States v. Booker, 543 U.S. 220 (2005) ushered in a new era in federal criminal sentencing. By excising those portions of the Federal Sentencing Act that obligated judges to

adhere to the Sentencing Guidelines, the Supreme Court put in place a sentencing regime under which the Guidelines are now merely advisory.  Booker, 543 U.S. at 246.  This remedy was crafted to cure a Sixth Amendment defect caused by the mandatory nature of the Guidelines.  Under the post-Booker system, "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing."  Id. at 264-65.  "[A] sentencing court is required 'to consider Guidelines ranges applicable to the defendant, but is permitted 'to tailor the sentence in light of other statutory concerns as well.'"  United States v. Coumaris, 399 F.3d 343, 351 (D.C. Cir. 2005) (quoting Booker, 543 U.S. at 246).

      The Supreme Court has made clear that a sentencing court should engage in a two-step analysis to determine a reasonable sentence.  See Gall v. United States, 128 S.Ct. 586 (2007).  First, the court should calculate the applicable guideline range.  Id. at 596.  Second, the court should make an individual assessment, applying all the factors set forth in 18 U.S.C. § 3553(a) to determine if the sentence is reasonable.  Id.  On appeal, the reviewing court determines if the sentence was procedurally reasonable (i.e., whether the court applied the factors set forth in 18 U.S.C. § 3553(a)) and then consider the overall sentence (whether the sentence was "substantively reasonable").  Id. at 597.  The reviewing court may, but is not required to, apply a presumption of reasonableness to a sentence within the applicable guideline range.  Id. at 597; see also United States v. Dorcely, 454 F.3d 366, 376, cert. denied, 127 S. Ct. 691 (2006) ("[A] sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness.")

18 U.S.C. § 3553(a) further instructs judges, "in determining the particular sentence to be imposed, [to] consider" the following factors (in addition to the Guidelines and the policy statements of the United States Sentencing Commission):

> the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes by the defendant, and provide the defendant with rehabilitation, education and training, and other correctional treatment;
>
> the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> the need to provide restitution to victims.

See 18 U.S.C. § 3553(a).

Significantly, even post-Booker, the elimination of "unwarranted sentence disparities," 18 U.S.C. § 3553(a)(6), remains a matter of preeminent importance in federal sentencing policy. See Gall, 128 S.Ct. at 596 ("[T]he Guidelines should be the starting point and the initial benchmark."). Indeed, every Supreme Court justice in the various opinions in Booker recognized that the Guidelines carry out the express will of Congress that sentences be uniform across the country to the extent possible and be based on the offender's actual conduct and history. And although Booker holds that uniformity cannot be achieved through mandatory Guidelines, that goal should still weigh heavily in the determination of a reasonable sentence,

because reducing unjustified disparities was the underlying purpose of federal sentencing reform. See, e.g., United States v. Crosby, 397 F.3d 103, 113-114 (2d Cir. 2005) ("[I]t would be a mistake to think that, after Booker[], district judges may return to the sentencing regime that existed before 1987 and exercise unfettered discretion to select any sentence within the applicable statutory maximum and minimum."), abrogated on other grounds, United States v. Lake, 419 F.3d 111 (2d Cir. 2005). Fidelity to the Guidelines best accomplishes that goal, as well as the other general sentencing goals set forth by Congress in 18 U.S.C. § 3553(a), and, therefore the Sentencing Guidelines are entitled to substantial deference and may be accorded a "presumption of reasonableness." See United States v. Dorcely, 454 F.3d 366, 376 (D.C. Cir.), cert. denied, 127 S. Ct. 691 (2006).

B.  The Appropriate Sentence in this Case

The government believes that a sentence of 96 months incarceration is appropriate in this case. Clearly, anytime a defendant purchases nearly five kilograms of cocaine it is a serious offense. A lengthy sentence is necessary to deter others, to promote respect for the law, and to punish the defendant. Under the Guidelines, the defendant's sentencing range is 78 to 97 months.

The government recognizes that the defendant is relatively young and has only one prior arrest. The government also recognizes the defendant's acceptance of responsibility. However, the government notes that the defendant has not taken his obligations seriously. He wasted the money he earned playing basketball ($22,000) on clothes, jewelry, and "partying." See Pre-

Sentence Report at 10, paragraphs 51 and 55. Reviewing the entire record in this case, the government can only concur with the defendant's father that the defendant wanted "easy money." Id. at 8, paragraph 37.

The government request that the Court should declare on the record that, as part of his sentence, defendant forfeits $72,000.00 in U.S. currency, which was seized after defendant Peoples had exchanged it for a quantity of cocaine in Washington, D.C., on December 20, 2007. This forfeiture is pursuant to 21 U.S.C. § 853, and a forfeiture allegation was contained in the criminal information to which defendant pled guilty. Defendant consented to this forfeiture as part of his plea agreement, and acknowledged the forfeiture of the $72,000 in U.S. currency as part of his plea colloquy, pursuant to the governing rules of criminal procedure. The statute and rules governing forfeiture through the criminal process require that forfeiture be pronounced as part of the sentence in this case.

    C.    <u>Safety Valve</u>

The defendant contends that he is entitled to relief under the "safety valve" provisions of the Guidelines. See Guidelines at § 5C1.2. The defendant cannot show that he has provided truthful and complete information regarding the offense. See United States v. Mathis, 216 F.3d 18, 28-29 (D.C. Cir. 2000), cert. denied, 531 U.S. 972 (2000) (defendant seeking relief under safety valve must show by preponderance of evidence that he has provided complete and truthful information to government).

The defendant has continually claimed that the two other men with him at the time of his arrest, Russell Holloway and Julian Hurley, had no knowledge of his plan to buy five kilograms of cocaine that morning. The government finds that claim unbelievable given their actions and admissions. <u>See</u> Pre-Sentence Report at 7-8, paragraphs 8-12. Further, based on reliable, confidential informants, the government is aware that Hurley and/or Holloway have distributed large quantities of narcotics previously.[1] The government is simply not persuaded that Holloway and Hurley were simply "innocently present" while the defendant paid $72,000 for five kilograms of cocaine.

---

[1] FBI Special Agent John Bevington will be available to testify at the sentencing hearing should the Court find that necessary or helpful.

WHEREFORE, for the foregoing reasons, the government respectfully requests that the Court sentence the defendant in accordance with its Memorandum in Aid of Sentencing.

> Respectfully submitted,
> JEFFREY A. TAYLOR
> United States Attorney
> D.C. Bar No. 498610
>
>
> ____/s/_____
> NIHAR R. MOHANTY
> Assistant United States Attorney
> D.C. Bar No. 436686
> 555 4th Street, N.W., Room 4120
> Washington, DC 20530
> (202) 514-7395

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of June, 2008, I caused a copy of the foregoing Sentencing Memorandum to be sent, by facsimile and first class mail, to Shawn Moore, Federal Public Defender, 625 Indiana Avenue, N.W., Washington, D.C. 20004.

> _____/s/_____
> NIHAR MOHANTY