IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) |
| V. | ) Cr. No. 08-00031 (RBW) |
| | ) |
| | ) |
| **RASHAAD PEOPLES** | ) |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant Rashaad Peoples will appear before the Court for sentencing on June 20, 2008. Mr. Peopled pled guilty on March 13, 2008 to a one count information charging him with unlawful possession with intent to distribute 500 grams or more of powder cocaine. He agrees that he is responsible for at least 3.5 kilograms but less than 5 kilograms of cocaine. The charge was the result of "sting" operation in which Mr. Peoples was monitored arranging a shipment of cocaine to the District of Columbia where he would obtain it. He was arrested here upon receiving the drugs. His guideline range for this offense is 78 to 97 months.

I.   THE "SAFETY VALVE" LIMITATION

Although as noted above Mr. Peoples' guideline range sentence is 78 to 97 months, he also is eligible for the so-called safety valve limitation on statutory minimum sentences. The applicable provision in the United States Sentencing Guideline is §5C1.2. Mr. Peoples does not have any criminal history points, there was no violence, weaponry, or injury, and he does not qualify as an organizer or leader. We submit that in a debriefing with the government after the plea, Mr. Peoples provided all of the information that he knew concerning the offense. Specifically, he stated that a friend in Arizona known only to him as "D" put him in contact with a supposed Miami connection

who would supply the cocaine. Another acquaintance in Laurel, Maryland, known to Mr. Peoples as "E" provided some of the funds to purchase the cocaine. Of course the transactions with the Miami connection were monitored, and we assume that "D" and the Miami connection were cooperators and authorities. This information is the extent of Mr. People's knowledge surrounding the offense. The fact that the government is dissatisfied with the information does not preclude the Court from applying the safety valve exception.

    II.    <u>THE 3553 FACTORS</u>

As noted, Mr. Peoples has no prior criminal record. He resided in this area for 26 years. He has one child and another one on the way. He has a GED and is an accomplished basketball player. He has indicated to counsel that in addition to his street basketball club, he was to tryout for a paid basketball position in Texas.

It was always his intent to enter a guilty plea in the matter, and he waived grand jury indictment.

Even if the Court considers the safety valve exemption here, it must sentence Mr. Peoples at least at a level 17. Such a sentence would carry 24 to 30 months, a still considerable period of time. A sentence less than the guidelines sentence here would certainly punish Mr. Peoples for his conduct, and would deter him from further offenses against the public.

We also agree with the Office of Probation that a recommendation for placement in the 500 hour drug program would be appropriate.

Certainly the offense here is serious and the amount of cocaine at issue troubling. It might be said that for his first offense, Mr. Peoples picked a substantial one. However, it appears that he is generally a good person who saw an opportunity to make a quick dollar, and will pay a price in

the loss of freedom whatever sentence the Court imposes.

    For the foregoing reasons, and others that may appear to the Court, we ask that it exercise leniency with respect to Mr. Peoples.

                                  Respectfully submitted,

                                  A.J. Kramer

                                  Federal Public Defender

By:             _____/s/_____
                Shawn Moore
                Assistant Federal Public Defender
                Attorney for Rashaad Peoples
                DC Bar # 214171
                625 Indiana Avenue, NW #550
                Washington, DC 20004
                202/208-7500
                Fax/208-7515 or 501-3829